*773 CRONE, Judge,
dissenting.
The trial court should have entered a judgment of conviction on Cleary's misdemeanor operating while intoxicated ("OWI") charges, which would have precluded a retrial on the felony OWI charges. I believe that this result is compelled by principles of fundamental fairness and the principles underlying the Indiana Constitution's double jeopardy clause. Therefore, I respectfully dissent.[6]
Cleary points out that "when the State charges someone with multiple counts of crimes based on the same conduct but at varying felony and misdemeanor levels, [it assumes] the risk that a jury may not find guilt on the more serious counts." Appellant's Br. at 11. He argues that if the State wants to avoid findings on a lesser offense, it
should not charge the lesser offenses. It is solely [the State's] charging decision and the State should not be able to repeatedly prosecute someone when [it gets] verdicts on lesser offenses [it charged] but no verdict on the greater offense. Indiana Code Section 35-41-4-3 clearly says a finding on a lesser offense is an acquittal on the greater offense. The statute could not be clearer. Under Haddix, the State is given a tunnel to escape I.C. § 35-41-4-38 by giving trial courts the option to not enter a conviction as dictated by I.C. § 35-88-1-1. This is particularly offensive because now the State can keep taking a shot at a defendant especially if the State's case is weak.
Id. I find Cleary's argument persuasive and believe that allowing the State to "keep taking a shot" at a felony conviction against a defendant in Cleary's position violates principles of fundamental fairness as well as the principles underlying the constitutional prohibition against double jeopardy. See Garrett, 992 N.E.2d at 721 ("[The idea underlying the Double Jeopardy Clause's prohibition against multiple prosecutions 'is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby . enhancing the possibility that even though innocent he may be found guilty.' ") (quoting Green, 355 U.S. at 187-88, 78 S.Ct. 221).
It is important to remember that our supreme court has not expressly decided this issue and that the Haddix court found that similar arguments had merit. Our holding in Haddix was based to a significant extent on an inference drawn from the supreme court's summary denial of Haddix's petition for writ of mandamus. Although that inference was reasonable, in my view it is a slender thread on which to hang an issue of constitutional dimension.[7] Moreover, and perhaps more importantly, Haddix was decided on federal constitutional grounds.
Cleary, however, has invoked the protections of the Indiana Constitution. Article 1, Section 14 of the Indiana Constitution states, "No person shall be put in jeopardy twice for the same offense." Based on this straightforward wording and commonsense notions of double jeopardy, most *774 Hoogiers would reasonably conclude that after the jury found him guilty of the misdemeanor OWI counts, Cleary should not have been tried again for the same offenses. In Garrett, our supreme court recently emphasized that "'the notion that Jeopardy" is "risk" is the very core of double jeopardy jurisprudence'" and that "[jJeopardy is the risk of trial and convietion, not punishment." 992 N.E.2d at 721 (quoting Bryant, 660 N.E.2d at 299). "In other words, double jeopardy protection prohibits twice subjecting an accused to the risk that he will be convicted of a single crime." Id.[8] Because the trial court denied Cleary's request to enter judgment of conviction on the jury's guilty verdict on the misdemeanor OWI counts, he was twice subjected to the risk that he would be convicted of a single crime. Cleary's double jeopardy rights were violated, and therefore I would reverse and remand with instructions to vacate his class B felony conviction and resentence him accordingly.

. I am unpersuaded by the majority's statement that a "close reading" of Garrett "suggests that our supreme court does not believe that the Indiana Constitution bars retrial where a jury reached a verdict on some counts but is deadlocked on others." Op. at 770. The rapes in Garrett were two separate crimes against the same victim; as such, a conviction on one rape would not bar retrial for the other rape in the event of a hung jury on that count. Here, however, the misdemeanor OWI counts are lesser-included offenses of the felony OWI counts.

. Notwithstanding my dissent, I agree with the majority that the trial court did not abuse its discretion in admitting the blood test results. I express no opinion on the appropriateness of Cleary's sentence for his felony conviction, which I believe to be unconstitutional.

. Our supreme court denied Haddix's petition to transfer, but Indiana Appellate Rule 58(B) states that "[t]he denial of a Petition to Transfer shall have no legal effect other than to terminate the litigation between the parties in the Supreme Court."